# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-3228

_____

State Farm Fire and Casualty Company

*Plaintiff - Appellee*

v.

Jawad Khan

*Defendant - Appellant*

Bianca D'Amato

*Defendant*

_____

No. 25-3229

_____

State Farm Fire and Casualty Company

*Plaintiff - Appellee*

v.

Jawad Khan

*Defendant - Appellant*

Audriana Smith

*Defendant*

_____

Appeals from United States District Court
for the District of Minnesota
_____

Submitted: June 23, 2026
Filed: June 26, 2026
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

In these diversity actions, Jawad Khan appeals the district court's[1] adverse summary judgment decisions as to whether his State Farm Fire and Casualty Company policies entitled him to a defense and indemnification in two underlying actions.

After careful review of the record and the parties' arguments on appeal, we conclude the district court properly granted State Farm's motions for summary judgment. *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 751 F.3d 880, 883 (8th Cir. 2014) (reviewing the grant of summary judgment de novo; applying the law of the forum in interpreting insurance policy in a diversity action). We conclude State Farm owed no duty to defend or indemnify Khan, as the underlying claims, including those for negligent infliction of emotional distress, arose from allegations that were inextricably linked to excluded intentional acts, rather than covered accidents. *See Auto-Owners Ins. Co. v. Todd*, 547 N.W.2d 696, 699-700 (Minn.

_____

[1]The Honorable Jerry W. Blackwell, United States District Judge for the District of Minnesota.

1996) (holding that there was no duty to defend claims "inextricably linked" with an alleged sexual assault under an intentional acts exclusion); *see also State Farm Fire & Cas. Co. v. Sipola*, No. A18-0295, 2018 WL 4289014, at **1-3 (Minn. Ct. App. Sept. 10, 2018) (unpublished) (affirming summary judgment for the insurer on the duties to defend and indemnify, as the duty to defend depends on the allegations in the underlying complaint). Because State Farm owed no duty to defend Khan, it also owed him no indemnification. *See Sipola*, 2018 WL 4289014, at **2-3.

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____